UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CLEAR WITH COMPUTERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, LLC,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 6:14-CV-89-LED<br><br><br>JURY TRIAL DEMANDED |
| CLEAR WITH COMPUTERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALTEC INDUSTRIES, INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 6:14-CV-79-LED<br><br><br>JURY TRIAL DEMANDED |

**ALTEC INDUSTRIES, INC.'S NOTICE OF JOINDER IN VOLVO'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant Altec Industries, Inc. ("Altec") joins Defendant Volvo Construction Equipment North America, LLC's ("Volvo") Motion to Dismiss for Failure to State a Claim (Dkt. No. 12) and states:

**I.  INTRODUCTION**

CWC's patents[1] violate a bedrock principle of patent law that prohibits owning a fundamental concept that should never be removed from the public domain. The patents-in-suit are directed to the abstract idea of assembling a customized sales brochure and they add no

---

[1] U.S. Patent No. 5,625,776 (the "'776 Patent") and U.S. Patent No. 7,606,739 (the "'739 Patent") (together, the "patents-in-suit"). CWC asserts at least claim 61 of the '776 Patent and claims 1-3, 7-8, 11-13, and 17-18 of the '739 Patent against Altec.

inventive concept to this abstract idea. As such, the patents-in-suit are invalid on their face according to controlling Supreme Court and Federal Circuit precedent, including the recent Supreme Court decision in *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014). For all the reasons stated in Volvo's Motion, Altec joins in moving to dismiss Plaintiff Clear With Computers' ("CWC") Complaint. To conserve judicial resources and unnecessary litigation between the parties, Altec requests that the Court dismiss the Complaint for failure to state a claim upon which relief can be granted.

## II.   SUPPLEMENTAL ARGUMENT AND AUTHORITY

Courts can and do dispense with facially invalid patents at the pleading stage, because such patents should be "exposed at the point of minimum expenditure of time and money by the parties and the court." *Uniloc USA, Inc. v. Rackspace Hosting, Inc.*, No. 12-cv-00375-LED, Dkt. No. 38 at *3 (E.D. Tex. Mar. 27, 2013) (internal citation and quotations omitted). Indeed, following the Supreme Court's *Alice* decision, several courts have emphasized the propriety of addressing motions to dismiss based on § 101 at the outset of litigation.[2] Given the extensive history of the patents-in-suit and the multiple claim construction rulings, this case is especially ripe for disposition at the pleading stage.

*Alice* dictates that in deciding whether a patent is invalid under § 101, the court must first determine whether the claims are directed to a patent-ineligible abstract idea. *Alice*, 134 S. Ct. at 2355. Where the claims at issue are directed to an abstract idea, the court must then examine

---

[2] *See Ultramercial, Inc. v. Hulu, LLC*, No. 09-cv-6918, 2014 WL 5904902 (Fed. Cir. 2014); *see also DietGoal v. Bravo Media*, No. 13-CV-8391-PAE, 2014 WL 3582914 (S.D.N.Y. Jul. 8, 2014) (finding that § 101 issues were ripe prior to claim construction where the claims were straightforward and claim construction would not shed light on any dispositive legal issue); *CMG Fin. Servs., Inc. v. Pacific Trust Bank, F.S.B.*, No. CV-11-10344-PSG, 2014 WL 4922349 (C.D. Cal. Aug. 29, 2014) (claim construction is not a prerequisite to a determination of validity under § 101); *Genetic Techs. Ltd. v. Lab. Corp. of Am. Hldgs., et al.*, No. 1201736-LPS-CJB, 2014 WL 4379587 (D. Del. Sept. 3, 2014) (deciding § 101 motion prior to claim construction is appropriate where no disputed areas of fact are relevant to the motion).

whether the claimed invention contains an inventive concept such that it transforms the abstract idea into a patent-eligible invention.  *Id*. at 2357.

      **A.**    **The Patents-In-Suit Claim An Unpatentable Abstract Idea of Assembling a Customized Sales Proposal for a Customer.**

Laws of nature, natural phenomena, and abstract ideas are not patentable.  *Id.* at 2354. These limitations on patentability exist to prevent "monopolization" of "the basic tools of scientific and technological work" that might tend to impede innovation and thwart the primary objective of patent laws.  *Alice*, 134 S. Ct. at 2354 (internal quotations and citations omitted).  In analyzing whether a claim is directed to an abstract idea, the Court first must "identify the purpose of the claim – in other words, determine what the claimed invention is trying to achieve – and ask whether that purpose is abstract."  *Enfish, LLC v. Microsoft Corp.*, No. 2:12-cv-07360-MRP-MRW, 2014 WL 5661456, at *4-5 (C.D. Cal. Nov. 3, 2014).  Here, the specifications of the patents-in-suit state that the purpose is to create a customized sales proposal for a customer based on information provided by the customer.  *See*, *e.g.*, '739 Patent at 1:15-21, 2:26-28; '776 Patent at 1:9-16, 2:28-31.  Preparing a sales proposal, whether printed or electronic, has been a targeted marketing practice for many years and is a common practice that is a staple of sales and marketing.[3]  As such, the patents-in-suit fail the first step of the *Alice* analysis.

      **B.**    **The Patents-In-Suit Do Not Contain An Inventive Concept Sufficient to Transform the Abstract Idea into a Patent-Eligible Invention.**

Where a claim is directed to an abstract idea, to overcome an invalidity challenge it must contain an inventive concept sufficient to transform the abstract idea into a patent-eligible

---

[3] *See* Schuyler, Harold J., *Business Building Letters and Forms*, National Institute of Real Estate Brokers of the National Association of Real Estate Boards, pp. 31-47 (1961) ("When a…salesman first talks to a…[potential customer], he asks the owner to wait 24 hours before listing his property sale.  Then the…firm prepares a personalized brochure, which the salesman presents to the owner the next day;" also stating that all of the data on the forms must be obtained based on customer-specific information which is gathered from the customer); Buser, Steve, *The Design of the Electronic Brochure*, University of Oklahoma Industrial Development Institute (1988).

application. *Alice*, 134 S. Ct. at 2357. In *Alice*, the Supreme Court confirmed that the introduction of a generic computer into the claims does not confer patent eligibility to an otherwise abstract idea. *Id.* at 2358. "[I]f a patent's recitation of a computer amounts to a mere instruction to "implemen[t]" an abstract idea "on ... a computer," that addition cannot impart patent eligibility." *Id.* (internal citation omitted). Following *Alice*, the Federal Circuit and this Court have further defined where computer implementation fails to confer patentability.

In *Planet Bingo*, the Federal Circuit found that where a computer is not being put to a new or innovative use, but instead is being utilized for only its most basic functions, including those within the capabilities of computers long in use, this is insufficient to confer patent eligibility. *Planet Bingo v. VKGS, LLC*, 576 Fed. App'x 1005, 1008 (Fed. Cir. 2014). Moreover, where the claims include a process that can be performed by a human using pen and paper, this indicates that the claimed invention is merely a conventional application of an abstract idea which is ineligible for patent protection. *Id*.

In addition, in *Loyalty Conversion*, this Court held that where there is no detail about how the functions are performed or suggestion that the functions are performed in a novel manner, and where the functions instead appear to be readily performable by a generic computer with conventional programming, inclusion of computer implementation in a claim will not salvage an otherwise unpatentable abstract idea. *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, No. 2:13-CV-655, 2014 WL 4364848, at *7 (E.D. Tex. Sept. 3, 2014). Instead, in order to "salvage an otherwise patent-ineligible process, a computer must be integral to the claimed invention, facilitating the process in a way that a person making the calculations or computations could not." *Loyalty Conversion*, 2014 WL 4364848, at *10 (citing *Bancorp Servs., L.L.C. v. Sun Life Assurance Co.*, 687 F.3d 1266, 1278 (Fed.Cir.2012)).

The patents-in-suit do nothing more than utilize a general purpose computer for its most basic functions.[4]  As the Federal Circuit found in *Planet Bingo*, where a computer is utilized for storing numbers, assigning identifiers, allowing basic inputs and outputs, printing, displaying of numbers, and matching data for verification, these functions are purely conventional and are insufficient to confer patentability.  *Planet Bingo*, 576 Fed. App'x at 1008-1009.

Moreover, the Federal Circuit also found the recitation of a computer insufficient where the claims included a computer with a central processing unit, a memory; an input device connected to the computer; an output device connected to the computer; a program capable of operating on the computer; input by users; storage of the user's input; retrieving selections from computer memory; and paying an amount to the user based on the user's selection of numbers where they correspond with the winning numbers.  *Id*.  The independent claims of the patents-in-suit fall far short of those analyzed in *Planet Bingo*, with independent claims 1 and 11 of the '739 Patent merely reciting the functions of receiving answers, automatically selecting, integrating pictures and text into a single proposal, and dynamically building a template, and with the only computer-related specification including a computer program product, computing system, processor, user interface, selection device, active database for storing customer information, and static database for storing information related to a product.  Moreover, claim 61 of the '776 Patent recites nothing more specific than a computer, and functionality including presenting questions to the customer, receiving answers, storing images and text in the computer, selecting and retrieving text and/or picture in response to a customer's answer, and compiling the information.  All of these are generic computer functions, most of which have been expressly

---

[4] *See* '776 Patent, claim 61; '739 Patent, claims 1-3, 7-8, 11-13, 17-18.

rejected as inventive concepts or implementations.[5]

## III. CONCLUSION

The patents-in-suit claim abstract ideas with no accompanying inventive concept. As such, they are unpatentable and invalid under 35 U.S.C. § 101. For all these reasons, Altec respectfully request that this Court grant its Motion to Dismiss.

---

[5] *See DietGoal*, 2014 WL 3582914 (invalidating claims containing a user interface, database of objects, and a display being based on a user's selected content); *Loyalty Conversion*, 2014 WL 4364848 (invalidating claims containing computer-readable medium, program instructions to detect communications, client machines, client-side browser, graphical user interface, a computer processing changes based on received messages, processing the selection effectuating changes in Web pages, and responsive to the processing, the computer serving updates to Web pages); *Walker Digital, LLC v. Google, Inc.*, No. 11-318-LPS, 2014 WL 4365245 (D. Del. Sept. 3, 2014) (invalidating claims involving the steps of receiving data from a first party and second party, receiving rules from each party to release the provided data, releasing data to each party only when the rules are met, and storing party information in a secure database); *Tuxis Techs., LLC v. Amazon.com, Inc.*, No. 13-1771-RGA, 2014 WL 4382446 (D. Del. Sept. 3, 2014) (invalidating claims that included identifying primary transaction data, generating an upsell offer based on primary transaction data, and using user data to obtain data elements related to the user from which to determine an upsell offer); *Eclipse*, 2014 WL 4407592 (invalidating claims including steps of initiating a communication with a party, receiving a response from the party, and any communication of the same information to others being based on the party's response); *Every Penny Counts, Inc. v. Wells Fargo Bank, N.A.*, No. 8:11-cv-2826-T-23TBM, 2014 WL 4540319 (M.D. Fla. Sept. 11, 2014) (invalidating claims containing an information processor including a data store with data identifying the customer and customer information, the data store including machine readable instructions authorizing the processor to access information, and machine readable instructions to authorize access, perform calculations, perform actions); *Open Text*, 2014 WL 4684429 (invalidating claims containing computer readable storage medium, instructions for assembling participants, and electronic dialog system including a data storage location, a dialog computer interfaced with the data storage location and a communication channel, a processor, a tangible computer readable medium storing instructions); *Wolf v. Capstone Photography, Inc.*, No. 2:13-cv-09573 (C.D. Cal. Oct. 28, 2014) (invalidating claims associating identifying data with photographs, cataloging photos according to the identifying data, storing the photos in a database, and providing photos to the participants based on the identifying information of the participant upon request).

Respectfully submitted,

*/s/ Jennifer H. Doan*
Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
Christy Samansky Hawkins
Texas Bar No. 24085575
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX  75503
Telephone:  (903) 255-1000
Facsimile:  (903) 255-0800
Email:  jdoan@haltomdoan.com
Email:  jthane@haltomdoan.com
Email:  chawkins@haltomdoan.com

**ATTORNEYS FOR DEFENDANT ALTEC INDUSTRIES, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 16th day of December, 2014.

*/s/ Jennifer H. Doan*
Jennifer H. Doan
